**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Suzanne Yu,<br><br>            Plaintiff,<br><br>v.<br><br>Steven Fydeski, Desert Creek Film Fund I LLC, Desert Creek Film Fund Management LLC, Cloudburst Entertainment LLC, Cloudburst Distribution LLC, Storyboard Media LLC, and The Comeback Trail LLC,<br><br>            Defendants. | No. CV-22-02182-PHX-JAT<br><br>**ORDER** |

On January 10, 2023, the Court issued the following order:

> "Inquiring whether the court has jurisdiction is a federal judge's first duty in every case." *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003). In this case, Plaintiff has alleged jurisdiction based on diversity of citizenship. *See* (Doc. 1 (citing 28 U.S.C. § 1332)). However, the complaint fails to sufficiently plead the citizenship of the parties. *See Johnson v. Columbia Properties Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006). Specifically, a complaint must list the citizenship of every member of any party that is a limited partnership or limited liability company. *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 611 (9th Cir. 2016).
> Accordingly,
> **IT IS ORDERED** that by January 23, 2023, Plaintiff must file a supplement to the complaint properly pleading the citizenship of every party or this case will be dismissed, without prejudice, for lack of federal subject matter jurisdiction.

(Doc. 6).

On January 20, 2023, the Court issued the following order:

> On January 11, 2023, Plaintiff filed a supplement which alleged the citizenship of some, but not all, relevant limited liability companies. The Court will give Plaintiff <u>one</u> last opportunity to plead jurisdiction before the

Court dismisses this case without prejudice for lack of federal subject matter jurisdiction. Therefore,

**IT IS ORDERED** that Plaintiff has until January 27, 2023, to file a second supplement to the complaint fully alleging the citizenship of all parties.

(Doc. 8).

On February 1, 2023, the Court issued the following order:

> On January 27, 2023, Plaintiff filed a second supplement purporting to allege the citizenship of the members of the remaining LLC. Specifically, Plaintiff alleged: "Empire DJ Ventures, LLC, a Mississippi limited liability company, whose sole member, Bill Luckett, now deceased, was a citizen and resident of the state of Mississippi." (Doc. 9 at 3). Mr. Luckett passed away in October 2021. *See* https://www.jacksonfreepress.com/news/2021/nov/02/mississippi-blues-promoter-and-raconteur-bill-luck/ (last visited January 27, 2023).
>
> "It is well settled that allegations invoking diversity jurisdiction must show that complete diversity existed at the time the action was filed. *Freeport–McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991); *see also Smith v. Sperling*, 354 U.S. 91, 93, n. 1 (1957) (federal jurisdiction depends on facts in existence at the time the complaint is filed)." *W. World Ins. Co. v. Ramirez*, No. CV-06-2360-PHX-RCB, 2007 WL 1839594, at *2 (D. Ariz. June 26, 2007).
>
> The complaint in this case was filed December 27, 2022. Mr. Luckett's citizenship in October 2021, thus, does not inform the Court's inquiry regarding diversity jurisdiction as of December 27, 2022. For example, the Court does not know if Mr. Luckett's membership is part of an estate. *See Federal Diversity Jurisdiction*, 2 Ribstein and Keatinge on Ltd. Liab. Cos. § 13:7 ("From time to time there arise disputes [involving] the estates of deceased members [of an LLC]…[and in some circumstances] the estate may be a member and as such the LLC will share citizenship with the estate."). Or, given the amount of time that has elapsed, it is possible Mr. Luckett's membership interest has been distributed to an heir whose citizenship would then be relevant for purposes of diversity. Plaintiff did not allege any citizenship as of December 27, 2022, for this LLC.
>
> **Further, given Plaintiff's cavalier attitude toward establishing jurisdiction to date,** the Court has become concerned that to the extent the citizenship of the members of the other LLCs have been alleged on "information and belief" the Court does not know how serious an inquiry was made to create that information and belief. For example, simply ascertaining the members of an LLC as of the date of formation, if such date was many years ago, would not reliably disclose the membership as of December 27, 2022. While citizenship may be alleged on information and belief at the outset, the Court can require that a Plaintiff establish jurisdiction at a later time. *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1088 (9th Cir. 2014).
>
> The Court cautioned Plaintiff in the last order that she would only be given one further opportunity to plead federal subject matter jurisdiction. While Plaintiff did respond to that order, she still has failed to plead, even on information and belief, jurisdiction at the time the complaint was filed. The Court will require further supplementation from Plaintiff. Plaintiff is advised that if either of the supplements required herein are not filed, or are incomplete in any measure, there will not be a *fourth* opportunity to cure. Accordingly,

**IT IS ORDERED** that within 7 days of this order, Plaintiff must file a supplement to the complaint completely *alleging* the citizenship of every party in this case as of the date the complaint was filed.

**IT IS FURTHER ORDERED** that by July 1, 2023, Plaintiff must file another supplement to the complaint *establishing* federal subject matter jurisdiction as of the date the complaint was filed. This supplement must include the basis for the representations in the supplement. Thus, Plaintiff must use this time to take any necessary discovery to prove jurisdiction.

(Doc. 10) (emphasis added).

Plaintiff filed a supplement alleging jurisdiction as required by the February 1, 2023 order. The deadline to file the July 1, 2023 supplement establishing jurisdiction has not yet expired.

However, on April 21, 2023, Plaintiff filed an amended complaint. (Doc. 27). The amended complaint makes internally inconsistent jurisdictional allegations as noted by Defendants. (Doc. 37). Specifically, the amended complaint states:

> At all times relevant herein, Desert Creek Film Fund I, LLC… **sole member** is Desert Creek Film Management, LLC…; the sole member of Desert Creek Film Fund Management, LLC is Steven Fedyski, an individual, who at all times material to this Complaint, is a resident and citizen of the State of Arizona.

(Doc. 27 at 3, ¶6) (emphasis added).

Then amended complaint continues:

> In enticing Plaintiff to invest $2 million **for a membership interest** in the limited liability company called Desert Creek Film Fund I, LLC….

(Doc. 27 at 6, ¶21) (emphasis added).

The amended complaint further continues:

> Upon information and belief, Plaintiff is the Majority-In-Interest **Member** of the [Desert Creek Film Fund I] LLC.

(Doc. 27 at 9, ¶42) (emphasis added).

Thus, Plaintiff has, within the same document, represented that the only member of Desert Creek Film Fund I, LLC is another LLC *and* that she herself is a member of the Desert Creek Film Fund I, LLC. These are directly contradictory allegations, one of which destroys diversity. Further, both allegations required Plaintiff to have a good faith belief to make the allegation.

Plaintiff has now filed a motion to compel discovery claiming she needs discovery to learn the members of the Desert Creek Film Fund I, LLC (and the other LLCs). (Doc. 39). However, Defendants have filed a corporate disclosure statement claiming Plaintiff is the sole member of Desert Creek Film Fund I, LLC. (Doc. 37). Plaintiff fails to explain what her basis would be to believe this disclosure statement is false.

Based on the foregoing,

**IT IS ORDERED** that by June 5, 2023, Plaintiff shall file a further jurisdictional supplement showing cause why this case should not be dismissed for lack of federal subject matter jurisdiction.

**IT IS FURTHER ORDERED** that by June 7, 2023, Ashley Mulé shall show cause why she should not be sanctioned for violating her duty of candor to the court. *See* LR Civ. 83.2(e) (attorneys authorized to practice before this Court are bound by the Rules of Professional Conduct in the Rules of the Supreme Court of the State of Arizona). Specifically, she must address her good faith basis for making directly contradictory allegations in the amended complaint.

Dated this 30th day of May, 2023.

James A. Teilborg
Senior United States District Judge