1  **WO**

2

3

4

5

6                        **IN THE UNITED STATES DISTRICT COURT**

7                         **FOR THE DISTRICT OF ARIZONA**

8

9  Suzanne Yu,                                    No. CV-22-02182-PHX-JAT

10                  Plaintiff,                      **ORDER**

11  v.

12  Steven Fydeski, Desert Creek Film Fund I
    LLC, Desert Creek Film Fund Management
13  LLC,  Cloudburst  Entertainment  LLC,
    Cloudburst Distribution LLC, Storyboard
14  Media LLC, and The Comeback Trail LLC,

15                  Defendants.

16

17        Plaintiff filed this case in federal court alleging diversity jurisdiction.  This Order is

18  the Court's *sixth* Order regarding Plaintiff's obligation to plead and prove diversity so that

19  the Court can fulfill its obligation to ensure it has jurisdiction over this case.  The Court

20  will quote in full the previous five Orders as a history of the depth this Court has gone to

21  to give Plaintiff every opportunity to cure.

22        On January 10, 2023, the Court issued the following Order:

23              "Inquiring whether the court has jurisdiction is a federal judge's first
          duty in every case."  *Belleville Catering Co. v. Champaign Market Place,*
24        *L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003).  In this case, Plaintiff has alleged
          jurisdiction based on diversity of citizenship. *See* (Doc. 1 (citing 28 U.S.C. §
25        1332)).  However, the complaint fails to sufficiently plead the citizenship of
          the parties.  *See Johnson v. Columbia Properties Anchorage, L.P.,* 437 F.3d
26        894, 899 (9th Cir. 2006).  Specifically, a complaint must list the citizenship
          of every member of any party that is a limited partnership or limited liability
27        company. *NewGen, LLC v. Safe Cig, LLC,* 840 F.3d 606, 611 (9th Cir. 2016).
          Accordingly,
28              **IT IS ORDERED** that by January 23, 2023, Plaintiff must file a
          supplement to the complaint properly pleading the citizenship of every party

or this case will be dismissed, without prejudice, for lack of federal subject matter jurisdiction.

(Doc. 6).

On January 20, 2023, the Court issued the following Order:

> [Quotation of the January 10, 2023, Order omitted]
> On January 11, 2023, Plaintiff filed a supplement which alleged the citizenship of some, but not all, relevant limited liability companies.  The Court will give Plaintiff <u>one</u> last opportunity to plead jurisdiction before the Court dismisses this case without prejudice for lack of federal subject matter jurisdiction.  Therefore,
>
> **IT IS ORDERED** that Plaintiff has until January 27, 2023, to file a second supplement to the complaint fully alleging the citizenship of all parties.

(Doc. 8).

On February 1, 2023, the Court issued the following Order:

> [Quotation of January 10, 2023, and January 20, 2023, Orders omitted]
> On January 27, 2023, Plaintiff filed a second supplement purporting to allege the citizenship of the members of the remaining LLC.  Specifically, Plaintiff alleged: "Empire DJ Ventures, LLC, a Mississippi limited liability company, whose sole member, Bill Luckett, now deceased, was a citizen and resident of the state of Mississippi."  (Doc. 9 at 3).  Mr. Luckett passed away in October 2021.  *See* https://www.jacksonfreepress.com/news/2021/nov/02/mississippi-blues-promoter-and-raconteur-bill-luck/ (last visited January 27, 2023).
>
> "It is well settled that allegations invoking diversity jurisdiction must show that complete diversity existed at the time the action was filed.  *Freeport–McMoRan, Inc. v. K N Energy, Inc*., 498 U.S. 426, 428 (1991); *see also Smith v. Sperling*, 354 U.S. 91, 93, n. 1 (1957) (federal jurisdiction depends on facts in existence at the time the complaint is filed)." *W. World Ins. Co. v. Ramirez*, No. CV-06-2360-PHX-RCB, 2007 WL 1839594, at *2 (D. Ariz. June 26, 2007).
>
> The complaint in this case was filed December 27, 2022.  Mr. Luckett's citizenship in October 2021, thus, does not inform the Court's inquiry regarding diversity jurisdiction as of December 27, 2022.  For example, the Court does not know if Mr. Luckett's membership is part of an estate.  *See Federal Diversity Jurisdiction*, 2 Ribstein and Keatinge on Ltd. Liab. Cos. § 13:7 ("From time to time there arise disputes [involving] the estates of deceased members [of an LLC]…[and in some circumstances] the estate may be a member and as such the LLC will share citizenship with the estate.").  Or, given the amount of time that has elapsed, it is possible Mr. Luckett's membership interest has been distributed to an heir whose citizenship would then be relevant for purposes of diversity.  Plaintiff did not allege any citizenship as of December 27, 2022, for this LLC.
>
> Further, given Plaintiff's cavalier attitude toward establishing jurisdiction to date, the Court has become concerned that to the extent the citizenship of the members of the other LLCs have been alleged on "information and belief" the Court does not know how serious an inquiry was made to create that information and belief.  For example, simply ascertaining the members of an LLC as of the date of formation, if such date was many years ago, would not reliably disclose the membership as of December 27, 2022.  While citizenship may be alleged on information and

- 2 -

belief at the outset, the Court can require that a Plaintiff establish jurisdiction at a later time. *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1088 (9th Cir. 2014).

        The Court cautioned Plaintiff in the last order that she would only be given one further opportunity to plead federal subject matter jurisdiction. While Plaintiff did respond to that order, she still has failed to plead, even on information and belief, jurisdiction at the time the complaint was filed. The Court will require further supplementation from Plaintiff. Plaintiff is advised that if either of the supplements required herein are not filed, or are incomplete in any measure, there will not be a *fourth* opportunity to cure. Accordingly,

        **IT IS ORDERED** that within 7 days of this order, Plaintiff must file a supplement to the complaint completely *alleging* the citizenship of every party in this case as of the date the complaint was filed.

        **IT IS FURTHER ORDERED** that by July 1, 2023, Plaintiff must file another supplement to the complaint *establishing* federal subject matter jurisdiction as of the date the complaint was filed. This supplement must include the basis for the representations in the supplement. Thus, Plaintiff must use this time to take any necessary discovery to prove jurisdiction.

(Doc. 10) (emphasis in original).

      On May 30, 2023, in response to a supplemental corporate disclosure statement filed by some Defendants (Doc. 37), the Court issued the following Order:

        [Quotation of three previous jurisdictional Orders omitted]

        Plaintiff filed a supplement alleging jurisdiction as required by the February 1, 2023 order. The deadline to file the July 1, 2023 supplement establishing jurisdiction has not yet expired.

        However, on April 21, 2023, Plaintiff filed an amended complaint. (Doc. 27). The amended complaint makes internally inconsistent jurisdictional allegations as noted by Defendants. (Doc. 37). Specifically, the amended complaint states:

        At all times relevant herein, Desert Creek Film Fund I, LLC… **sole member** is Desert Creek Film Management, LLC…; the sole member of Desert Creek Film Fund Management, LLC is Steven Fedyski, an individual, who at all times material to this Complaint, is a resident and citizen of the State of Arizona.

(Doc. 27 at 3, ¶6) (emphasis added).

        Then amended complaint continues:

        In enticing Plaintiff to invest $2 million **for a membership interest** in the limited liability company called Desert Creek Film Fund I, LLC….

(Doc. 27 at 6, ¶21) (emphasis added).

        The amended complaint further continues:

        Upon information and belief, Plaintiff is the Majority-In-Interest **Member** of the [Desert Creek Film Fund I] LLC.

(Doc. 27 at 9, ¶42) (emphasis added).

        Thus, Plaintiff has, within the same document, represented that the only member of Desert Creek Film Fund I, LLC is another LLC *and* that she herself is a member of the Desert Creek Film Fund I, LLC. These are directly contradictory allegations, one of which destroys diversity. Further, both allegations required Plaintiff to have a good faith belief to make the allegation.

        Plaintiff has now filed a motion to compel discovery claiming she needs discovery to learn the members of the Desert Creek Film Fund I, LLC (and the other LLCs). (Doc. 39). However, Defendants have filed a

corporate disclosure statement claiming Plaintiff is the sole member of Desert Creek Film Fund I, LLC. (Doc. 37). Plaintiff fails to explain what her basis would be to believe this disclosure statement is false.

Based on the foregoing,

**IT IS ORDERED** that by June 5, 2023, Plaintiff shall file a further jurisdictional supplement showing cause why this case should not be dismissed for lack of federal subject matter jurisdiction.

**IT IS FURTHER ORDERED** that by June 7, 2023, Ashley Mulé shall show cause why she should not be sanctioned for violating her duty of candor to the court. *See* LR Civ. 83.2(e) (attorneys authorized to practice before this Court are bound by the Rules of Professional Conduct in the Rules of the Supreme Court of the State of Arizona). Specifically, she must address her good faith basis for making directly contradictory allegations in the amended complaint.

(Doc. 40).

On June 8, 2023, the Court issued the following Order:

**JURISDICTION**

This Court has issued numerous orders regarding jurisdiction in this case. (*See* Doc. 6, 8, 10, and 40). It was recently revealed that this Court has not had diversity jurisdiction over this case since it was filed. (*See* Doc. 48 at 8). Plaintiff has now undertaken to cure this lack of jurisdiction by dismissing the non-diverse Defendant. (Doc. 45 (voluntarily dismissing Desert Creek Film Fund I LLC)).

The United States Supreme Court has stated:

It has long been the case that "the jurisdiction of the court depends upon the state of things at the time of the action brought." This time-of-filing rule is hornbook law (quite literally) taught to first-year law students in any basic course on federal civil procedure. It measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing — whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal.

*Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570-71 (2004) (citation and footnote omitted).

Notwithstanding this language, all district court and court of appeals' decisions located by this Court recognize many exceptions to diversity jurisdiction being required on the date the case is filed. *See, e.g., United Food Grp., LLC v. Cargill, Inc.*, No. CV 11-7752 SS, 2015 WL 13868996, at *4–5 (C.D. Cal. June 8, 2015) (collecting cases in various circumstances). For example, the Ninth Circuit Court of Appeals has stated:

Infuturia argues that diversity jurisdiction does not lie under 28 U.S.C. § 1332(a)(2) because (1) jurisdiction is determined at the time of removal, and the parties were not diverse when this case was removed to federal court; and (2) Sequus, as a forum defendant, could not have originally removed the case to federal court even if it had been the only defendant sued. We disagree with Infuturia's arguments, because they raise statutory rather than jurisdictional objections. Both the forum defendant rule and the requirement for diversity at the time of removal are statutory requirements imposed by the general removal statute, 28 U.S.C. § 1441, not jurisdictional requirements. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 574 (2004) (holding the requirement that there be diversity at the time of removal is a

- 4 -

statutory, non-jurisdictional requirement imposed by 28 U.S.C. § 1441(a)). …

Although the court lacked diversity jurisdiction at the time of removal because there were foreign citizens on both sides of the case, *see Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas*, 20 F.3d 987, 990 (9th Cir. 1994), this jurisdictional defect was cured by Infuturia's dismissal in its Second Amended Complaint of the foreign defendants that originally destroyed diversity, *see Grupo Dataflux*, 541 U.S. at 572 (stating that a jurisdictional defect can be cured by the dismissal of the party that had destroyed diversity). Only two parties remained under the Second Amended Complaint: Infuturia (a citizen of the British Virgin Islands) and Sequus (a citizen of California). Thus, the district court had diversity jurisdiction under 28 U.S.C. § 1332(a)(2) (which states that "district courts shall have original jurisdiction of all civil actions ... between citizens of a State and citizens or subjects of a foreign state").

*Infuturia Glob. Ltd. v. Sequus Pharms., Inc.*, 631 F.3d 1133, 1137 (9th Cir. 2011).

Thus, the Court will deem the voluntary dismissal of Desert Creek Film Fund I LLC to "cure" the fact that this Court has never had diversity jurisdiction over this case. *See id*. Plaintiff's further jurisdictional supplement remains due July 1, 2023.  (*See* Doc. 10).   The Court notes that at Doc. 48 at page 2-3 Plaintiff makes a jurisdictional allegation regarding Storyboard Media, LLC that is inadequate because it alleges the citizenship of only the managing member, not all members as is required.  Similarly, Plaintiff makes a jurisdictional allegation for The Comeback Trail, LLC which is also inadequate because it alleges the state of incorporation of a corporation, but not its principal place of business as is required.  This is the Court's fifth order attempting to get Plaintiff to completely and truthfully prove jurisdiction.  There will not be a sixth order.  If the July 1, 2023 supplement does not prove, both factually and legally correctly, diversity jurisdiction, this case will be dismissed without prejudice.

Finally, Defendants have a duty to bring any further jurisdictional issues of which they are aware to the Court's attention.

…

**CONCLUSION**

Based on the foregoing,

…

**IT IS FURTHER ORDERED** that the final jurisdictional supplement remains due July 1, 2023.

…

**IT IS FURTHER ORDERED** that Desert Creek Film Fund I LLC is deemed to be voluntarily dismiss under Federal Rule of Civil Procedure 41(a).  (*See* Doc. 45).  This Order is without prejudice to any Defendant making a motion under Federal Rule of Civil Procedure 19 if a Defendant deems such a motion to be appropriate.  Any such motion must be filed within 14 days of this Order.

(Doc. 50).

Plaintiff has now filed the supplement she was required to file by July 1, 2023.  As previously Ordered (repeatedly) this supplement must *establish* federal subject matter jurisdiction.  (Doc. 54).  The Court has reviewed the supplement; it fails to prove the

1  citizenship of each party.  Therefore, as cautioned by the five previous Orders, this case
2  will be dismissed without prejudice.

3        Specifically, Plaintiff claims to be a "citizen" of New York.  Plaintiff has not filed
4  anything establishing her country of citizenship.  In her supplement at Doc. 54, Plaintiff
5  now alleges several Defendants are foreign.  This Court does not have diversity jurisdiction
6  over exclusively foreign nationals. *See Faysound Ltd. v. United Coconut Chems*., 878 F.2d
7  290, 294 (9th Cir. 1989) (citing *Cheng v. Boeing Co.*, 708 F.2d 1406, 1412 (9th Cir. 1983)
8  ("Diversity jurisdiction does not encompass foreign plaintiffs suing foreign defendants.");
9  *Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.,* 20 F.3d 987, 990–91 (9th
10 Cir. 1994) (one United States citizen plaintiff or defendant will not establish diversity if
11 there is a foreign plaintiff and a foreign defendant).  Here, the record again fails to *establish*
12 jurisdiction.

13        Moreover, Plaintiff's allegations are just that, *allegations*.  Plaintiff offers no proof
14 that her claims regarding the identities of the members of the various limited liability
15 companies or those members' citizenships are true.  Further, Plaintiff's claims continue to
16 be inconsistent and/or incomplete.  Specifically, Plaintiff still makes contradictory
17 jurisdictional allegations as to five Defendants.

18        First, with respect to Defendant Cloudburst Entertainment, LLC, in her amended
19 complaint Plaintiff alleges that this LLC has only two members, both of whom are Arizona
20 residents.  (Doc. 27 at 2).  Plaintiff does not mention this Defendant in the most recent
21 supplement.  (Doc. 54).  But, in the supplement, Plaintiff claims all Defendants'
22 citizenships include Texas, Connecticut and Puerto Rico.  (*Id*.).  Plaintiff never alleges any
23 Defendant is a citizen of these places.  Thus, the Court is forced to guess why Plaintiff
24 includes this allegation. The Court's best guess is that Defendant Cloudburst
25 Entertainment, LLC's corporate disclosure statement claims that it has 12 members, whose
26 citizenships include these three additional places.  However, it is Plaintiff's burden to
27 establish jurisdiction.  And it is Plaintiff's duty to correct the amended complaint if
28 statements therein are false.  Plaintiff has failed to establish the citizenship of this

Defendant for purposes of jurisdiction.    Second, because Defendant Cloudburst Distribution, LLC's sole member is Defendant Cloudburst Entertainment, LLC, it is infected with these same deficiencies.

Third, with respect to Defendant Desert Creek Film Fund Management, LLC, Plaintiff's amended complaint alleges it has one member, who is a citizen of Arizona. (Doc. 27).  Plaintiff's most recent supplement does not mention this Defendant.  But, in the supplement, Plaintiff claims all Defendants citizenships include Texas, Connecticut and Puerto Rico.  (*Id*.).  Plaintiff never alleges any Defendant is a citizen of these places.  Thus, the Court is forced to guess why Plaintiff includes this allegation.  The Court's best guess is that Defendant Desert Creek Film Fund Management, LLC's corporate disclosure statement indicate that it has members in Arizona, Texas, Connecticut, California, and Puerto Rico.  (Doc. 37 at 4).  But it does not state how many members it has, nor does it *establish* these member's citizenship.  Thus, Plaintiff has failed to establish the citizenship of this Defendant for purposes of jurisdiction.

Fourth, the allegations with respect to Defendant Storyboard Media, LLC are even more inconsistent.  In the amended complaint, Plaintiff states that this Defendant's sole member is Elisabeth Costa de Beauregard, who is citizen of California.  (Doc. 27 at 3).  But in the supplement, Plaintiff states that Storyboard Media, LLC's "sole member is Eagle Wealth (Pioneer) MP, Inc. a corporation organized under the laws of the State of Washington which has its principal place of business in British Columbia, Canada."  (Doc. 54 at 2).  Again, none of Plaintiff's allegations are substantiated with evidence.  The Court anticipated that Plaintiff's supplement would prove Plaintiff's prior jurisdictional allegations, not completely contradict them.  The Court has no idea which of Plaintiff's various allegations to believe, or even which one Plaintiff stands by.  Further, Plaintiff has not sought leave to amend the amended complaint.  As a result of all of the foregoing, Plaintiff has failed to prove the citizenship of this Defendant for purposes of jurisdiction. (The Court has not located a corporate disclosure statement for this Defendant.)

Fifth, with respect to Defendant The Comeback Trail, LLC, in her amended

complaint, Plaintiff states,

> …the members of The Comeback Trail, LLC [are] Richard Salvatore, an individual who is a resident and citizen of the State of California, and Empire DJ Ventures, LLC, a Mississippi limited liability company; the sole member of Empire DJ Ventures, LLC, is William Luckett, Jr. who died in Coahoma County, Mississippi on October 28, 2021. Mr. Luckett's citizenship at the time of his death was the State of Mississippi. Further, Mr. Luckett's probate matter has yet to be resolved and is currently being litigated in the Seventh District Chancery Court (Coahoma Chancery Court), Mississippi, under case number 14CH1:21-cv-00390. See 28 U.S.C. § 1332(c)(2) ("[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent….")….

(Doc. 27 at 3-4). However, in her most recent supplement, Plaintiff states that the sole member of The Comeback Trail, LLC is Zen Ventures, Inc, a corporation organized under the laws of Canada, with its principal place of business in Canada. (Doc. 54 at 2).

As the Court stated above, the Court anticipated that Plaintiff's supplement would prove Plaintiff's prior jurisdictional allegations, not completely contradict them. The Court has no idea which of Plaintiff's various allegations to believe, or even which one Plaintiff stands by. As a result, Plaintiff has failed to prove the citizenship of this Defendant for purposes of jurisdiction. (The Court has not located a corporate disclosure statement for this Defendant.)

As stated herein, and in numerous prior Orders, the Court will not provide Plaintiff an opportunity to file a sixth jurisdictional supplement. While it is possible this Court has diversity jurisdiction, Plaintiff has failed to establish that jurisdiction, or even allege that jurisdiction in a consistent way. As this Order reflects, this Court has spent an inordinate amount of time and resources trying to ensure it has jurisdiction. It is the Plaintiff's burden to establish federal subject matter jurisdiction, and she has failed to do so. *See Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986) (the party asserting federal subject matter jurisdiction must establish jurisdiction). Consistent with circuit case law, the Court has given Plaintiff multiple opportunities to submit evidence as necessary to establish jurisdiction. *See generally Valdez v. Allstate*, 372 F.3d 1115, 1116 (9th Cir. 2004); *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1088 (9th Cir. 2014). Plaintiff has failed to submit any evidence whatsoever notwithstanding the fact that the Court

expressly required Plaintiff to include "the basis for the representations in the supplement" in the Court's Order at Doc. 10.

As a result,

**IT IS ORDERED** that this case is dismissed, without prejudice, for failure to establish federal subject matter jurisdiction. Alternatively, this case is dismissed, without prejudice, under Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to comply with this Court's Orders requiring her to establish federal subject matter jurisdiction.[1] The Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that all pending motions are denied, without prejudice, as moot.

**IT IS FURTHER ORDERED** that the July 20, 2023, Rule 16 conference is vacated.

Dated this 18th day of July, 2023.

James A. Teilborg
Senior United States District Judge

---

[1] The Court has considered the factors in *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) and finds that all favor dismissal. First, the need for expeditious resolution of cases is undermined by Plaintiff making inconsistent allegations calling into question this Court's jurisdiction and resulting in motions to dismiss by some Defendants. (Doc. 52). Second, the Court's need to manage its docket is undermined by the Court having to issue six jurisdictional orders, and still not having a resolution of this issue. Third, the risk of prejudice to the Defendants is highlighted by both the motion at Doc. 52 and Plaintiff's effort to compel Defendants into arbitration by using an arbitration friendly forum that may not have jurisdiction over the case (*see* Doc. 34; Federal Arbitration Act). Fourth, the public policy favoring resolution of cases on their merits is not thwarted because the state forum remains available as does Plaintiff's preferred forum of arbitration. Finally, the Court has tried less drastic sanctions in the form of four previously required supplements and an order to show cause and none have been successful.